# EXHIBIT   A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO, a Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 11-M1-400718 |
| vs. | ) ) ) | Re:  2954-2960 N. Pulaski/ 4003-4009 W. Wellington |
| LEONARDO COPPOLA, 3731 N. ST. LOUIS LLC, WELLINGTON & PULASKI CONDOMINIUM ASSOCIATION, GOTHAM CORPORATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, PROVEST REALTY SERVUCES, INC., EDGEBROOK BANK, BELMONT BANK AND TRUST, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, HECTOR RODRIGUEZ, DEUTSCHE NATIONAL TRUST CO. AS TRUSTEE OF THE INDYMAC INDSE MORTGAGE TRUST 2007-AR13 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-AR13 UNDER POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007, EMC MORTGAGE CORP., CARLOS RASILLA, CHASE HOME FINANCE LLC, REMY O'BRIEN, BANK OF AMERICA, BAC HOME LOANS SERVICING, HSBC BANK USA, ALBERTO TAPIE, TENANTS AND OCCUPANTS, AND UNKNOWN OWNERS AND NONRECORD CLAIMANTS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | pin# 13-27-221-029-0000 13-11-420-037-1001 through 13-11-420-047-1019 |
| Defendants. | | |

## FIRST AMENDED COMPLAINT

Plaintiff City of Chicago ("City"), by its attorney, Stephen Patton, Corporation Counsel,

complains of the Defendants as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1

1.     The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a).  As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, and the Injunctive Relief Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2004), as amended.  Finally, the City brings this action pursuant to the Illinois Condominium Property ("Distressed Condominium") Act, 765 ILCS 605/14.5 (2009). By bringing this action, the City seeks, among other things, to abate the dangerous and unsafe conditions at the property in question and to obtain equitable relief, civil penalties, attorney's fees and costs in this matter.

### The Parties and the Property at Issue

2.     The City is a municipal corporation organized and existing under the laws of the State of Illinois.     Within the corporate limits of the City, there is a parcel of real estate legally described as:

> LOTS 1 AND 2 IN BLOCK 3 IN BELMONT GARDENS, BEING A SUBDIVISION OF PART OF THE NORTHEAST ¼ OF SECTION 27, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

This parcel is commonly known as 2954-60 N. Pulaski/ 4003-9 W. Wellington ("Subject Property") and has permanent index numbers of 13-27-221-029-0000 and 13-27-221-037-1001 through 1019.

3.     Located on the Subject Property is a 3-story building with 17 dwelling units and 3 commercial units.  The last known use of the structure was mixed residential and commercial.

4.     At all times relevant to this complaint, the Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at the subject property.  More specifically:

a. On January 9, 2007, a condominium declaration was filed delineating Defendant Wellington & Pulaksi Condominium Association Inc. as the condominium association for the subject property. The association has recorded a lien against many of the units in the building.

b. Defendant 3731 N. St Louis LLC, Inc. is listed as the developer in the condominium declaration and is the last taxpayer of record.

c. Commercial Unit 1, PIN 13-27-221-037-1001

The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

d. Commercial Unit 2, PIN 13-27-221-037-1002
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

e. Commercial Unit 3, PIN 13-27-221-037-1003.
The current owner is LEONARDO COPPOLA. The mortgagee is PROVEST REALTY SERVICES AND EDGEBROOK BANK.

f. Unit #4003-1, PIN 13-27-221-037-1004
The current owners are FEDERAL NATIONAL MORTGAGE ASSOCIATION after the completion of a foreclosure.

g. Unit 4005-1, PIN 13-27-221-037-1005
The current owners are FEDERAL NATIONAL MORTGAGE ASSOCIATION after the completion of a foreclosure.

h. Unit 4007-1, PIN 13-27-221-037-1006
The current owners are FEDERAL NATIONAL MORTGAGE ASSOCIATION after the completion of a foreclosure.

i. Unit 4009-1, PIN 13-27-221-037-1007
The current owner is  HECTOR RODRIGUEZ.  The mortgagee is BELMONT BANK AND TRUST CO. There is a foreclosure pending, case # 10-CH-34608.

j. Unit 2956-2, PIN 13-27-221-037-1008
The current owners is DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE OF THE INDYMAC INDSE MORTGAGE TRUST 2007-AR13 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-AR13 UNDER POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007 after the completion of a foreclosure.

k.     Unit 2958-2, PIN 13-27-221-037-1009
The current owners are IVAN VEGA . The mortgagee is MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS.

l.     Unit 4003-2, PIN 13-27-221-037-1010
The current owners are BROADWAT RESIDENTIAL, LLC.

m.     Unit 4005-2, PIN 13-27-221-037-1011
The current owners are GOTHAM CORPORATION.

n.     Unit 4007-2, PIN 13-27-221-037-1012
The current owner is FEDERAL NATIONAL MORTGAGE ASSOCIATION
after the completion of a foreclosure.

o.     Unit 4009-2, PIN 13-27-221-037-1013
The current owners are EMC MORTGAGE CORP. after the completion of a
foreclosure.

p.     Unit 2956-3, PIN 13-27-221-037-1014
The current owner is CARLOIS RASILLA. The mortgagee is CHASE HOME
FINANCE LLC. There is a foreclosure pending, case #09 CH 28428.

q.     Unit 2958-3, PIN 13-27-221-037-1015
The current owner is REMY O'BRIEN. The mortgagee is BANK OF
AMERICA. There is a foreclosure pending, case #10-CH-20949.

r.     Unit 4003-3, PIN 13-27-221-037-1016
The current owner is HSBC Bank USA, after the completion of a foreclosure.

s.     Unit 4005-3, PIN 13-27-221-037-1017
The current owner is Belmont Bank and Trust Co.

t.     Unit 4007-3, PIN 13-27-221-037-1018
The current owners are FEDERAL NATIONAL MORTGAGE
ASSOCIATION, after the completion of a foreclosure.

u.     Unit 4009-3, PIN 13-27-221-037-1019
The current owner is ALBERTO TAPIE, after the completion of a foreclosure.

v.     Defendants also include all tenants and occupants and unknown owners and

non-record claimants.

**Count I**
**Building Code Violations**

4

5.     The City realleges and incorporates the allegations of paragraphs 1 through 4 of the General Allegations as paragraph 5 of Count I and further alleges:

6.     That on or about October 28, 2010, and on each succeeding day thereafter and on numerous other occasions, the Defendants failed to comply with the Municipal Code of the City of Chicago ("Code") regarding:

a.     CN061014
REPAIR EXTERIOR WALL
Failed to maintain the exterior walls of a building or structure free from holes, breaks, loose or rotting boards or timbers and any other conditions which might admit rain or dampness to the walls. (13-196-530(b),13-196-641) in that the east elevation exterior wall has fractured masonry and washed out mortar.

b.     CN062024
PARAPET Failed to maintain parapet wall in good repair and free from cracks and defects. (13-196-530 and 13-196-641) in that on the east elevation the parapet wall, there is fractured masonry with washed out mortar.

c.     CN065014
REPAIR LINTELS
Failed to maintain lintel in good repair and free from cracks and defects. (13-196-530(e), 13-196-641) in that the lintels at the entryways are rusted and sagging.

d.     CN070024
REPAIR PORCH SYSTEM
Failed to repair or replace defective or missing members of porch system. (13-196-570, 13-196-641) in that on the exterior wood porch systems there are worn and loose sections throughout porch and stair systems, columns lack sufficient footings; columns are overnotched; ledgerbords and stringer connections are only nailed and lack bolts; hand and guardrails, ledger boards, stringers, treads are separating and cracked.

e.     CN074014
SERVICE WALK, PASSAGE, AREAWAY
Failed to maintain exterior service walks, passage and areaways in clean, sanitary and safe condition (13-196-630, 13-196-641) in that there is a large sections of missing sidewalk on the south elevation.

e.     CN076014
PROVIDE GUTTER & DOWNSPOUT
Install and connect roof gutter and downspout to sanitary sewer. (13-168-600) in that there are missing sections of downspout.

f.     CN104015
REPLCE WINDOW PANES, PLEXGLAS
Replace broken, missing or defective window panes. (13-196-550 A) in that there are broken panes in windows that are dangerous and loose and hanging at south, east, and south-east sections of the buildings.

g.     CN105045
INSTALL DEAD BOLT LOCK
Failed to install dead bolt lock, with at least one inch saw resistant bolt projection or with rim mounted deadbolt or vertical drop-bolt lock of equivalent security, at the entrance door of a dwelling unit (13-164-030) in that the entry door does not have a deadbolt lock.

h.     CN196029
POST OWNER/MANAGERS NAME AND NUMBER

5

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other person managing or controlling building conspicuously where accessible or visible to public way (13-12-030) in that there are no owner identification posted.
i.      CN198019
FILE BLDG REGISTRATION
File building registration statement with Building Dept (13-10-030, 13-10-040) in that the building has not been registered as required.
j.      EL0023
INSTALL COVERS
Install cover on outlet or junction box (18-27-370.25) in that on the west elevation there is an electrical service entrance conduit without a cover.
k.      EL0036
COVER OUTLETS AND JBS
Install cover on outlet or junction box (18-27-370.25) in that there are open electrical boxes and exposed wiring in 2954 at the ceiling.

7.      That Michael Merchant is the Commissioner of the Department of Buildings of the City of Chicago, and as such and through the reports of the City of Chicago Department of Buildings inspectors, he or the undersigned has knowledge of the facts stated in this complaint.

8.      That this proceeding is brought pursuant to the provisions of the Municipal Code of Chicago, and of Chapter 65, Section 5/11-31-1, 5/11-31-2, and 5/11-13-15 of the Illinois Compiled Statutes, as amended.

**WHEREFORE,** the City requests that this Court enter an Order:

A.      Declaring that all Defendants violated the Building Code of the City of Chicago at the Subject Property;

B.      Fining all Defendants $500 for each violation of the Code listed herein, whereby each and every day that a violation of the Code persists constitutes a separate and distinct violation;

C.      Requiring all Defendants to immediately repair, cure, and abate the violations of the Code listed herein;

D.      Requiring all Defendants to hire licensed and bonded professionals to repair, cure, and abate the violations of the Code listed herein;

6

E.     Requiring all Defendants to secure the plans and permits required to repair, cure, and abate the violations of the Code listed herein; and

F.     Granting any other relief that this Court deems appropriate.

## COUNT II
### Appointment of Receiver

9.     The City realleges and incorporates paragraphs 1 through 8 of the General Allegations as paragraph 9 of Count II and further alleges:

10.     That Michael Merchant, the Commissioner of the Department of Buildings of the City of Chicago, has determined that the Subject Property is dangerous and unsafe.

11.     That the Defendants or parties in possession and control of the Subject Property have failed to correct, after due notice, these unsafe and unhealthy building conditions.

12.     That the levying of a fine is not an adequate remedy for the abatement of a nuisance, and that it is necessary that a temporary and permanent injunction issue and that a general receiver be appointed to bring the Subject Property into compliance with the Code.

13.     That equitable remedies other than the appointment of a general receiver are inadequate because, on information and belief, the conditions which now exist at the Subject Property will remain unabated without the appointment of a general receiver, and will result in the loss of salvageable housing stock, as well as cause irreparable harm to tenants, occupants, neighboring property owners, and the general public.

14.     The City recommends appointment of a qualified general receiver to the Subject Property to correct the defective conditions thereon.

15.     That the general receiver's bond should be waived pursuant to 65 ILCS 5/11-31-2.3 (2004).

16.     That the applicant's bond should be excused pursuant to 65 ILCS 5/11-31-2.3 (2004)

and 735 ILCS 5/2-415(a) (2004).

**WHEREFORE**, the City requests that this Court enter an Order:

    A.    Appointing a general receiver to correct the defective conditions at the premises located at 2954-80 N. Pulaski/ 4003-9 W. Wellington, in the City of Chicago, with powers granted and duties imposed, as set forth in paragraph B, below, until further order of court;

    B.    Authorizing and ordering the receiver to enter into possession of the premises, to maintain the premises and make repairs thereto as follows, to wit:

        1.    Investigate, draft and submit a written feasibility report to this Court concerning the management and repair of the premises, including evaluation of tenancy or occupancy of the premises, and a property and budget analysis;

        2.    Request information from the Department of Buildings regarding the hazardous conditions existing at the premises and the order in which they should be abated; to make emergency repairs not exceeding $5,000.00, unless prior authorization is obtained from this Court; to obtain a minimum of three (3) contractor's bids for repair of said hazardous conditions; to obtain information as to the condition of title to the premises, including current owners and all parties having an interest in the property; to obtain estimates on the utility, insurance and fiduciary bond costs associated with the premises; and to identify and obtain rehabilitation funding;

    C.    Authorizing the receiver to employ agents to assist in the performance of his/her receivership duties;

    D.    Authorizing the receiver to issue and to assign receiver's certificates in the amount of the funds expended or required to complete said repairs, in accordance with Section

5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended;

E.  Ordering the Defendants to pay for the costs incurred by the receiver;

F.  Ordering the receiver to report to the court, at the next hearing on this matter, the results of his/her feasibility study, including the estimated cost of repairs, a proposed source of loan funding, if available, and a recommendation as to whether further repairs of the premises should be made;

G.  Enjoining and restraining the Defendants who have been personally served or generally appeared in this cause from interfering with or obstructing the receiver's performance of his/her receivership duties;

H.  Requiring the Defendants to deliver to the receiver all leases, books of account, and all other papers and documents necessary to conduct a feasibility study of the premises, together with all keys to the premises seven days following the date of entry of an order appointing a receiver;

I.  Excusing receiver's bond pursuant to 65 ILCS 5/11-31-2.3 (2004);

J.  Excusing applicant's bond pursuant to 65 ILCS 5/11-31-2.3 (2004) and 735 ILCS 5/2-415(a) (2004); and

K.  Continuing this matter for a receiver's report and determination of whether a general receivership of the premises is feasible.

## COUNT III

### Distressed Condominium Property Provisions

17.  The City re-alleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 17 of Count III and further alleges:

18.  The Condominium Property Act provides that a distressed condominium property is a parcel containing condominium units which are "operated in a manner or have conditions which may

constitute a danger, blight, or nuisance to the surrounding community or to the general public." 765 ILCS 605/14.5(a).

19.     The Condominium Property Act authorizes the City of Chicago to seek a court order finding that a property is a distressed condominium and appointing a receiver for the property. 765 ILCS 605/14.5, et seq.

20.     The dangerous conditions giving rise to the status of distressed condominium property must include, but are not limited to, two (2) or more of the following conditions:

    a.    50% or more of the condominium units are not occupied by persons with a legal right to reside in the units;

    b.    The building has serious violations of any applicable local building code or zoning ordinance;

    c.    60% or more of the condominium units are in foreclosure or are units against which a judgment of foreclosure was entered within the last 18 months;

    d.    There has been a recording of more condominium units on the parcel than physically exist;

    e.    Any of the essential utilities to the parcel or to 40% or more of the condominium units is either terminated or threatened with termination;

    f.    There is a delinquency on the property taxes for a least 60% of the condominium units.

21.     The subject property contains two or more of the above-mentioned dangerous conditions, as follows:

    a.    The building has serious violations of the City of Chicago Municipal Code as described in paragraph 9 of Count One. The City re-alleges and incorporates paragraph 6 by reference, the dangerous porches, the exterior wall violations, and

10

the electrical violations.

b.     Approximately 80% of the 20 units are in foreclosure now or have been in the past eighteen months.

c.     The property was posted for a water shut off due to a lack of payment.

22.     Moreover, the property is in close proximity to a busy intersection.

23.     Based upon the preceding factors, the property is not viable as a condominium.

24.     There is no functioning condominium association or board which can take responsibility for the necessary code repairs at the subject property.

25.     The failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes a danger, blight and/or nuisance to the surrounding community and the public at large. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the property.

26.     The appointment of a receiver is necessary to abate the nuisance conditions present at this property and to allow for the maintenance and rehabilitation of this blighted property into a safe and inhabitable rental property in compliance with the Municipal Code of the City of Chicago.

27.     A receiver appointed under the Distressed Condominium provision of the Illinois Condominium Property Act shall "have possession of the property and shall have full power and authority to operate, manage, and conserve the property" and must "manage the property as would a prudent person." 765 ILCS 605/14.5(e).  The receiver may also, without an order of the court, delegate managerial functions of the receivership to a financially responsible and prudently selected person in the business of managing real estate.  765 ILCS 605/14.5(e).

WHEREFORE, the City requests that this Court:

A.  Make a finding that this property is a distressed condominium property constituting a

11

danger, blight, or nuisance to the surrounding community and general public in that it contains two or more of the conditions listed in 765 ILCS 605/14.5(a)(1)(A) through (F);

B. Appoint Community Initiatives, Inc. (CII) as general receiver for the property pursuant to 765 ILCS 605/14.5 (c)(2), the receiver to have all powers and authority contemplated in, but not limited by 765 ILCS 605/14.5 (e)(1) through (10) and (f);

C. Authorize the receiver to recover the cost of any feasibility study, sale, management, maintenance, repair and/or rehabilitation of the property by the issuance and sale of notes or receiver's certificates bearing such interest as the court may fix, pursuant to 765 ILCS 605/14.5 (f).

D. Authorize the receiver to coordinate with various City agencies and departments, including but not limited to the Chicago Police Department, the Department of Human Services, the Department of Construction and Permits, and the Department of Buildings.

E. Implead as party defendants all tenants and/or occupants of the subject premises, and enjoin and restrain defendants who have been personally served or generally or limitedly appeared in this cause from interfering with or obstructing the receiver's performance of his or her duties.

F. Find that the subject property is not viable as a condominium and enter an order pursuant to 765 ILCS 605/14.5 (c) (2) declaring:

    a. That the property at **2954-2960 N. Pulaski/ 4003-4009 W. Wellington** is no longer a condominium;

    b. That the property is deemed to be owned in common by each of the unit owners;

    c. That the undivided interest in the property which shall appertain to each unit owner shall be the percentage of undivided interest previously owned by the owner in the common elements; and,

12

    d.   That any liens affecting any unit shall be deemed to be attached to the undivided

interest of the unit owner in the property as provided herein..

G.  Authorize the receiver to enter into a sales contract and transfer the title of the property on

behalf of the owners of the property pursuant to 765 ILCS 605/14.5 (d).

H.  Grant any other relief that this court deems appropriate.

Respectfully submitted,
STEPHEN PATTON
Corporation Counsel of the City of Chicago

By:    _____
                 Senior Counsel

Gregory Janes
Building and License Enforcement
City of Chicago, Department of Law
30 North LaSalle Street, Suite 700
Chicago, IL 60602
(312)742-0342

## VERIFICATION BY CERTIFICATION

Pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that he is an Assistant Corporation Counsel of the City of Chicago, and that he is the authorized agent of the Plaintiff for purpose of making this certification, and that the statements set forth in this Complaint are true and correct, except as to matters stated to be on information and belief, and as to such matters he believes the same are true.

By:    _____
                 Gregory Janes
                 Assistant Corporation Counsel