IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 11-36454
WELLINGTON AND PULASKI )
CONDOMINIUM ASSOCIATION, INC., )
)
) Hon. Pamela S. Hollis
Debtor. ) Chapter 11

## NOTICE OF MOTION

TO: Attached Service List

     PLEASE TAKE NOTICE that on Tuesday, January 10, 2012, at 10:30 a.m., or as soon thereafter as counsel may be heard, the City of Chicago shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead, in Courtroom 644, at 219 S. Dearborn; Chicago, Illinois, and present a true and correct copy of the attached **CITY OF CHICAGO'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE,** which is hereby served upon you.

Dated at Chicago, Illinois, this 14th day of December, 2011.

                                                Respectfully submitted,
                                                STEPHEN R. PATTON, Corporation Counsel of
                                                The City of Chicago

                    By: _____
                              Esther E. Tryban Telser

Esther E. Tryban Telser
Senior Counsel
City of Chicago
Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-1846

## CERTIFICATE OF SERVICE

I, Esther E. Tryban Telser, an attorney, certify that I caused a copy of the foregoing notice of motion and **CITY OF CHICAGO'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE** to be served upon the parties listed below by U.S. mail this 14th day of December, 2011, by placing the same in the mail at 30 N. LaSalle St, Chicago, Illinois, before the hour of 5:00 p.m. and to be electronically filed with the Court.

_____
Esther E. Tryban Telser
Senior Counsel

## Service List

**Wellington and Pulaski Condominium Association, Inc.**
1751 - D West Howard St.
Chicago, Il 60626

**Adam S. Tracy**
Adam S. Tracy Ltd.
552 S. Washington St.
Suite 117
Naperville, IL 60540

**Patrick S. Layng**
Office of the U. S. Trustee, Region 11
219 S. Dearborn St. Room 873
Chicago, Il 60604

**Codillis & Associates**
15W030 North Frontage Road
Burr Ridge, Il 60527

**Federal National Mortgage Assoc.**
c/o Office of the Secretary
Mailstop: 1H 2S 05
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

**Federal Home Loan Mortgage Corp.**
5000 Plano Parkway
Carrolton, TX 75010

**Garelli Grogan Hesse & Hauert**
340 W. Butterfield Road. Suite 2A
Elmhurst, IL 60126

**Anthony C. Companale & Assoc.**
19 S. LaSalle St. Suite 1500
Chicago, Il 60603

**Makendy Investment Corp.**
1751D W. Howard Street
PMB 248
Park Ridge, IL 60068

**Berton C. Ring & Assoc. PC**
123 W. Madison St. Suite 1500
Chicago, Il 60602

**Groot Industries**
PO Box 92317
Elk Grove Village, IL 60009

**Flood Brothers**
17W697 Butterfield Road; Suite E
Oak Brook Terrace, IL 60181

**Deutsche Bank NA**
c/o Codilis & Associates
15W030 N. Frontage Road
Burr Ridge, IL 60527

**People's Gas**
310 Busse Road
Park Ridge, IL 60068

**James Reed**
310 Busse Road
Park Ridge, IL 60068

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 11-36454 |
| | ) |
| WELLINGTON AND PULASKI | ) Chapter 11 |
| CONDOMINIUM ASOCIATION, INC, | ) |
| | ) |
| Debtor. | ) Hon. Pamela S. Hollis |

**CITY OF CHICAGO'S
MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE**

The City of Chicago, a municipal corporation ("Chicago"), by its Corporation Counsel, Stephen R. Patton, hereby moves this Court for the entry of an order dismissing the Debtor's Chapter 11 bankruptcy case. In support of its motion, Chicago states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein are sections 105(a) and 1112(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et* seq. (Bankruptcy Code), and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

2. Debtor filed this bankruptcy case on September 7, 2011.

3. Chicago has had Case No. 11 M1 400718 pending, since March 18, 2011, in the Circuit Court of Cook County, regarding real property located at 2954-2960 N. Pulaski and 4003-4009 W. Wellington, Chicago, Illinois, ("Property"). Case No. 11 M1 400718 is pending against multiple defendants, including Debtor, regarding unsafe conditions at the Property, seeking relief under the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) *et* seq., the Injunctive Relief statute for

Building and Zoning Violations, 65 ILCS 5/11-13-15 and the Illinois Condominium Property ("Distressed Condominium") Act, 765 ILCS 605/14.5 ("Enforcement Case") [Complaint attached as Exhibit A].

4. While most of the Enforcement Case is excepted from the automatic stay in place in Debtor's bankruptcy case, pursuant to 11 U.S.C. 362(a)(7), as an exercise of police powers, the Enforcement Case also requests appointment of a receiver under two counts and pursuant to two statutory provisions. The requested relief also includes the extraordinary relief of deconversion of the Property from a condominium. Chicago requests deconversion only in cases where real property contains condominium units which are operated in a manner or have conditions which may constitute a danger, blight, or nuisance to the surrounding community or to the general public.

5. At the time this bankruptcy case was filed, the automatic stay imposed by this bankruptcy case did not apply to any real property owned by the Debtor, as the Debtor did not own any portion of the Property.

6. Subsequent to filing its bankruptcy case on September 7, 2011, the Debtor acquired one unit in the Property by quit claim deed dated September 9, 2011.

7. At the Meeting of Creditors, Debtor was requested to produce to Chicago the resolution from its board which authorized the filing of Debtor's bankruptcy. Debtor was also to provide to Chicago evidence of the membership of Debtor's board, as Debtor's Declaration of Condominium requires board members to be owners of units within the Property. [*See*, Exhibit B]

2

8. To the date of this motion, Debtor has not provided Chicago with the board resolution authorizing the filing of this bankruptcy case, nor evidence of the membership of Debtor's board and Debtor's attorney has not returned calls to the undersigned, seeking a status report on the progress in obtaining these documents.

9. During the Creditors meeting, Debtor's representative, George Somer, advised that he would arrange a required inspection of the Property by Chicago. When Chicago's inspector arrived at the Property the next day, he was refused access to the Property for an inspection.

10. To the date of this motion, Debtor has not arranged for an inspection of the Property.

11. At the Creditor's meeting, Mr. Somer also claimed to be the owner of a unit at the Property, specifically, Unit 4005-2. However, documents recorded indicate the owner of that unit to be Gotham Corporation, an entity with which Mr. Somer was unfamiliar at the Creditor's meeting.

12. Debtor was to provide evidence of Mr. Somer's ownership of a unit at the Property.

13. To the date of this motion, Debtor has not provided evidence of Mr. Santos' ownership of a unit at the Property.

14. The abrupt resignation of James Reed as Debtor's President after Debtor's filing of this bankruptcy case, because he is a creditor, and replacement with Mr. Somer, as President, but lacking the fundamental knowledge of Debtor sufficient to answer basic questions posed at the meeting of creditors is evidence of the bad faith promulgated by Debtor in the filing of this case. It appears that Debtor filed this case merely to delay or deter Chicago's efforts to attempt to abate the dangerous conditions at the Property, retain the value of the units in the Property for their owners and preserve the housing stock while it is still salvageable.

3

## RELIEF REQUESTED

15. By and through this motion, Chicago moves to dismiss this Chapter 11 bankruptcy case, with prejudice, effective immediately.

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Code § 1121(b) provides:

> (1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section and section 1104(a)(3), on request of a party in interest, and and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) –
>
> (i) for which there exists a reasonable justification for the act or omission; and
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

17. Accordingly, where a movant establishes "cause" under Bankruptcy Code § 1112(b)(4)(A), a court must dismiss or convert the case regardless of the presence of "unusual circumstances" that might otherwise weight against dismissal or conversion. *See* 11 U.S.C. §

4

1112(b)(1) and (2)(B). Whether a court dismisses or converts a debtor's case depends upon "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). For the reasons stated herein, dismissal is in the best interests of creditors and the estate.

18. Bankruptcy Code § 1112(b)(4)(A) provides that "cause" exists for dismissal (or conversion) where a debtor incurs "substantial or continuing loss to or diminution of the estate" and there is an "absence of a reasonable likelihood or rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A). In this case, dismissal (or conversion) is mandated under the plain language of Bankruptcy Code § 1112(b)(1)-(2)(B) because "cause" for dismissal can be established under Bankruptcy Code § 1112(b)(4)(A) due to the Debtor's substantial or continuing losses and the absence of any reasonable likelihood of rehabilitation.

19. Debtor is continuing to incur substantial losses, according to its first monthly report and diminution of debtor's estate is evidenced by the existing and continuing deterioration of the Property.

20. Further, the lack of sufficient income to Debtor to provide for the necessary repairs to the Property evidence the absence of reasonable likelihood of rehabilitation of the Debtor.

**WHEREFORE**, Chicago moves this Court for an order:

A. Dismissing Debtor's Chapter 11 bankruptcy case with prejudice, immediately; and

B. Granting such other relief as this Court deems appropriate.

                                    STEPHEN R. PATTON
                                    Corporation Counsel
                                    City of Chicago

By: _____
      Esther E. Tryban Telser

Stephen R. Patton
Corporation Counsel
Diane M. Pezanoski (ARDC #6190003)
Deputy Corporation Counsel
Esther E. Tryban Telser (ARDC #6202030)
Senior Counsel
City of Chicago; Department of Law
30 N. LaSalle; Room 1400
Chicago, IL 60602
312-744-1846